1  **LOUIS J. ESBIN, ESQ., CBLS (SBN 119705)**
   **LAW OFFICES OF LOUIS J. ESBIN**
2  **27451 Tourney Road, Suite 120**
   **Valencia, CA 91355**
3  **Tel: 661-254-5050 | Fax: 661-254-5252**
   **Email: Louis@Esbinlaw.com**
4
   Attorneys for Chapter 13 Debtor, Yasser Emad Sadek



FILED & ENTERED

JAN 29 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

**CHANGES MADE BY COURT**

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re | Chapter 13 |
| YASSER EMAD SADEK, | Case No. 2:18-bk-22241-NB |
| Debtor. | [Proposed] ORDER APPROVING OF STIPULATION BY AND BETWEEN DEBTOR AND CREDITOR, JAMES J. JOSEPH, CHAPTER 7 TRUSTEE, TO RESOLVE CLAIMS AND BAR TO REFILIING. |
| | Date:   February 21, 2019
Time:   8:30 pm
Place:  Courtroom 1545
255 E. Temple St., Los Angeles, CA 90012 |

There came before the Court the STIPULATION BY AND BETWEEN DEBTOR AND CREDITOR, JAMES J. JOSEPH, CHAPTER 7 TRUSTEE, TO RESOLVE CLAIMS AND BAR TO REFILIING ("Stipulation") (Case Doc.. No. 44), by and through their respective counsel of record, Louis J. Esbin, Esq., of the Law Offices of Louis J. Esbin, on behalf of the Chapter 13 Debtor, Yasser Emad Sadek, on the one hand ("Debtor"), and Thomas H. Casey, Esq., of the Law Office of Thomas H. Casey, Inc., on behalf of James J. Joseph, Chapter 7 Trustee ("Trustee") of the Estate of Michael D. Cooper, DDS, and Kristine D. Cooper pending as Bankr. Case No. 8:11-bk-16565-CB ("Cooper Case"), for

1

the reason that :the Trustee and the Debtor, through counsel, negotiated a compromise of the Trustee's Claim in the Case arising from the State Court Judgment, which the Trustee and the Debtor agree will be resolved with the preparation and execution of a formal settlement agreement with among other terms, mutual and general releases, the Court having read and considered the Stipulation, and good cause being shown <u>(as set forth below)</u>,

   **IT IS ORDERED AND DECREED** that the Stipulation is **APPROVED,** <u>subject to the following terms and conditions:</u>

   **(1) Background**

   <u>A hearing was held on December 20, 2018 at 8:30 a.m. on the Trustee's motion to dismiss this bankruptcy case.  Dkt. 20 (the "Dismissal Motion").  Prior to that hearing this Court posted the following tentative ruling:</u>

> <u>Appearances required</u>.  There is no tentative ruling, but the parties should be prepared to address the following issues:
> (1) <u>Nondisclosure re housing expenses</u>.  What is Debtor's authority for the proposition that "[t]he direct payment of my housing expenses by my employer [Debtor's brother's dental practice] is the reason why there is no line item for its payment in [bankruptcy] Schedule J" and that it "would not be proper to have the housing allowance added to income in [bankruptcy] Schedule I and deducted from [bankruptcy] Schedule J, as I don't actually receive the payments" (dkt. 30, p.4:17-20)?
> (2) <u>Nondisclosure re Tesla vehicle expenses</u>.  Is Debtor asserting a similar argument regarding the "car allowance" that he receives from his brother's dental practice?  Again, what is the authority for this argument?
> (3) <u>Other disclosure issues</u>.  (a) What is Debtor's intent regarding the Merced property and associated debt?  They are listed on his bankruptcy schedules but his chapter 13 plan (dkt. 12) proposes neither to surrender the Merced property nor to pay the mortgage.  (b) What are the details regarding Debtor's precipitous decline in income reflected on his Statement of Financial Affairs?  Did Debtor transfer any client lists or other intangible or tangible property to his brother's dental practice, or to anyone else?  (c) More generally, can parties in interest and this Court rely on the completeness and accuracy of Debtor's bankruptcy disclosures?

<u>At the hearing this Court was shocked by Mr. Esbin's assertions that numerous matters did not need to be disclosed.  Nevertheless, this Court was persuaded not to issue an order directing Debtor and Mr. Esbin to show cause why they should not be sanctioned, partly because as an alternative remedy this Court dismissed this case with a bar (*see* Order, dkt. 37, the "Dismissal Order"), and partly in reliance on Mr. Esbin's commitment to full disclosure in this case and in all future debtors' bankruptcy cases before the undersigned Bankruptcy Judge.</u>

<u>This Court set a further hearing, with a deadline of January 24, 2019 for Debtor to file a brief addressing whether this Court should modify the bar.  *Id.*, p. 3.  This Court adopted that procedure so that Debtor, Mr. Esbin, and this Court could better address the precise disclosure requirements for debtors in bankruptcy, to avoid any present or future misunderstandings.</u>

<u>Debtor has elected not to file any such brief.  In addition the Stipulation proposes to modify the bar and vacate the further hearing on the Dismissal Motion.  This Court is prepared to approve the Stipulation based on the findings of fact and conclusions of law set forth at the above-referenced hearing on the Dismissal Motion and in this order.</u>

**(2) Bar against being a debtor in bankruptcy**

<u>Debtor's commitment to "refrain" from filing another bankruptcy case (dkt. 44, p. 3:11-14) is not just a promise of Debtor but a **bar** against Debtor being a debtor in any voluntary or involuntary case that is ORDERED AND DECREED by this Court for the period of time set forth in the Stipulation.  *See* 11 U.S.C. §§ 105(a), 109(g)(1), 349(a), 1307(c); *In re Glover*, 537 Fed.Appx. 741 (9th Cir. 2013); *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999).</u>

3

### (3) Full disclosure requirements

The "good cause" for approval of the Stipulation includes this Court's findings of fact and conclusions of law, as stated on the record at the hearing on the Dismissal Motion and more fully stated herein. Specifically, such good cause includes the following.

### (a) Full disclosure is required, and was promised in this case

One aspect of "good cause" to approve the Stipulation is the commitment made by Mr. Esbin at the above-referenced hearing that he and Debtor would abide by this Court's interpretation of the official bankruptcy schedules and Statement Of Financial Affairs ("SOFA"). This Court interprets those forms to require disclosure of **all** assets, liabilities, income, and expenses, to the **maximum** extent those forms can be interpreted to do so. *See, e.g.,* 11 U.S.C. § 521 (duty to prepare and file documents) *and* § 727(a)(4)(A)&(D) (denial of discharge for false schedules or withholding information); Rules 1007, 1008, *and* 9011 (Fed. R. Bankr. P.); *In re JZ LLC*, 371 B.R. 412, 417 (9th Cir. BAP 2007) (schedules require "full, candid, and complete reporting of the facts, so that interested parties can be in a position to argue for or against [any given] legal conclusion" and a debtor "who lists only those items that the debtor believes" satisfy debtor's own legal conclusion "improperly truncates the creditor/trustee review process and usurps the role of the court"); *In re DenBeste*, 2012 WL 5416513, at *3 *and passim* (9th Cir. BAP 2012) (affirming denial of discharge when debtors claimed they "did not notice" that certain assets were not listed in their bankruptcy schedules); *In re Searles*, 317 B.R. 368, 377-79 (9th Cir. BAP 2004) (debtor's discharge denied for failure to adhere to "continuing" duty to make "full, candid, and complete disclosure" of financial affairs).

For example, in this Court's view full disclosure of a debtor's compensation for employment must be made regardless whether such compensation is received in the form

of payments by the employer to a third party without the debtor ever receiving any actual funds – *e.g.*, if the debtor's employer pays monthly rent to a landlord, or monthly payments to purchase or lease a vehicle for the debtor's use, those payments must be disclosed as part of the debtor's regular "income."  Compensation also must be disclosed regardless whether it is in cash or in some other form – *e.g.*, "free" accommodations in a building owned by the employer, or "free" use of a vehicle owned or leased by the employer, must be disclosed.  Compensation also must be disclosed regardless whether for tax purposes or accounting purposes or any other purposes the debtor allegedly could or should omit such compensation from "income" as that term allegedly is used in those **other** (non-bankruptcy) contexts – *e.g.*, supposing for the sake of discussion that free use of the company car is not part of "income" for tax purposes, it must be disclosed as part of "income" for bankruptcy purposes.

Of course, any offsetting liabilities also must be disclosed.  More generally, the disclosures must be complete and not misleading.

Any alleged ambiguity about **how** to disclose income (and other required information), or precisely **where** on the bankruptcy schedules and SOFA such information must be disclosed, is irrelevant to the fact that there is a duty to disclose that information *somewhere* in the schedules and SOFA.  *See, e.g., JZ,* 371 B.R. 412, 417 ("To be sure, there may be perplexing questions of characterization when it comes to characterizing a contract as asset, liability, or executory. Answering such questions may require careful study of the particular contract and, in the end, may entail some guesswork. Nevertheless, every contract is required to appear *somewhere* on the schedules.") (emphasis in original).

Such assets, liabilities, income, and expenses must be listed in the most appropriate categories in each form.  Debtors must use the residual categories if the disclosures do not readily fit in other categories on the official bankruptcy forms.  *See, e.g.,* Official Form 106 A/B (bankruptcy Schedule "A/B"), item "53" ("Do you have property of **any kind** you did not already list?") (emphasis added); Official Form 106 I (bankruptcy Schedule "I"), item "8" ("List **all other** income regularly received") (emphasis added).  *See JZ,* 371 B.R. 412, 417 ("All means all.").

To further illustrate this Court's view that **all** assets, liabilities, income, and expenses must be disclosed, to the **maximum** extent the forms can be interpreted to require such disclosure, this Court interprets "**all** other income regularly received" (Official Form 106 I, item "8") as truly meaning "all" regular income.  For example, the quoted phrase includes not only monthly income but also quarterly income, regardless of the fact that some sub-categories of questions in item "8" of the form refer to "monthly" amounts.  Such quarterly income (or any other periodic income) must be converted to an estimated monthly equivalent (with disclosure that this is what has been done).

Likewise, income that is not necessarily received on the same day of the month, or that is not received in the same dollar amount each month, nevertheless can be "regular" in the sense that the debtor expects that such income **usually** will be received in future, and that the debtor expects that on **average** it will be in roughly the given dollar amount.  For example, a debtor who works on a contract basis, for hourly wages, would have to make a good faith estimate of average monthly income, and disclose all such income, notwithstanding any argument that such income is not precisely "regular."

Explanations must be provided as appropriate.  For example, if a debtor receives "free" rent from an employer, it is not enough for that debtor to list a purported fair market

value of such rent without disclosing that this is only the debtor's estimate (not actual dollars and cents paid to a third party landlord in an arms-length transaction).  Likewise, if a debtor asserts that "free" use of the company car is not actually part of "income" for some reason, that reason must be disclosed – *e.g.,* if the debtor asserts that the car is only used 50% for personal matters and the remaining 50% is for business purposes and therefore should not be counted or fully counted as compensation, all that must be disclosed.

Any explanation must be clearly written and plainly presented.  For example, any continuation sheet ordinarily should be attached immediately after the bankruptcy schedule to which it relates, not in some distant location.

### (b) Deadline for full disclosure in this case

The docket does not reflect that Debtor has amended his bankruptcy schedules, notwithstanding the above-referenced commitment by Mr. Esbin that he and Debtor would abide by this Court's interpretation of Debtor's disclosure requirements.  This Court presumes that Mr. Esbin and Debtor were awaiting written guidance from this Court (which, as noted above, was to occur after briefing, which Debtor has opted not to provide).

Regardless of the reason for Debtor's lack of amended bankruptcy schedules, and regardless of Debtor's settlement with the Trustee, Debtor still has an obligation to provide full disclosure of all assets, liabilities, income, and expenses by filing amended bankruptcy schedules and an amended SOFA.  Debtor is hereby ORDERED to do so no later than **February 15, 2019**.

**(c) Commitment to full disclosure in future cases**

Additional "good cause" for approval of the Stipulation includes Mr. Esbin's acknowledgment on the record at the above-referenced hearing that he understood this Court's oral explanation of the foregoing principles and would abide by those principles in all bankruptcy cases before the undersigned Bankruptcy Judge.  If, on further reflection and review of this order, Mr. Esbin has any doubts about that understanding, he is directed immediately to lodge a proposed order setting a status conference at which this Court will determine whether to vacate the approval of the Stipulation, set a briefing schedule, and/or take other acts.

**(d) Caveat**

Debtor is cautioned that if he does not abide by the foregoing disclosure principles then he may be subject to sanctions or other adverse consequences such as a longer bar to being a debtor in any future bankruptcy case.  Mr. Esbin is cautioned that if he and any debtor whom he represents in future do not abide by the foregoing principles then they may be subject to sanctions or other adverse consequences.

//

**(4) Calendar management.** [T]he continued hearing on the Dismissal Motion on February 21, 2019, at 8:30 a.m., is taken off calendar and the parties and their counsel are relieved from complying with the Court's scheduling order for the hearing on February 21, 2019, so that the Debtor and Trustee can move forward with approval of the Settlement Agreement in the Cooper Case.

### #

Date: January 29, 2019

Neil W. Bason
United States Bankruptcy Judge